## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL A. CRABTREE, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W., )
Washington, D.C. 20016, )
                                        )
                                        )
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PIPE )
LINE EMPLOYERS HEALTH AND WELFARE FUND )
1125 Seventeenth Street, N.W. )
Washington, D.C. 20036, )
                                        )
                                        )
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PLCA )
NATIONAL PIPELINE TRAINING FUND )
1125 Seventeenth Street, N.W. )  **C O M P L A I N T**
Washington, D.C. 20036, )
                                        )
       and )
                                        )
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS NATIONAL )
TRAINING FUND )
1125 Seventeenth Street, N.W. )
Washington, D.C. 20036, )
                                        )
                        Plaintiffs, )
                                        )
                 v. )
                                        )
PEDERO PIPE SUPPORT SYSTEMS USA LP )
622 Superior Road )
Magnolia, Texas 77354, )
                                        )
       Serve:  Registered Agent )
               Corporations & Companies, Inc. )
               910 Foulk Road, Suite 201 )
               Wilmington, Delaware 19803, )
                                          )
                        Defendant. )

## COMPLAINT

## (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUNDS AND FOR EQUITABLE RELIEF)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

## PARTIES

1.      Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).   The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).   The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).

The Health and Welfare Fund is a multiemployer plan as that term is defined in Section

3(37) of ERISA, 29 U.S.C. § 1002(37).  The Health and Welfare Fund was established

and is maintained in accordance with its Restated Agreement and Declaration of Trust.

The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W.,

Washington, D.C. 20036.   The individual members of the Board of Trustees are

designated fiduciaries in accordance with the Health and Welfare Fund's Restated

Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C.

§ 1002(21).

3.      Plaintiff, Board of Trustees of the International Union of Operating

Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is

an employee benefit plan as that term is defined in Section 3(3) of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Pipe Line

Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA,

29 U.S.C. § 1002(37).  The Pipe Line Training Fund was established and is maintained in

accordance with its Agreement and Declaration of Trust.  The Pipe Line Training Fund

transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The

Board of Trustees is the designated fiduciary in accordance with the Pipe Line Training

Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29

U.S.C. § 1002(21).

4.      The Plaintiff Board of Trustees of the International Union of Operating

Engineers National Training Fund ("National Training Fund") is an employee benefit

plan as that term is defined in Section 3(3) of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).   The National Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The National Training Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The National Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.   The Board of Trustees is the designated fiduciary in accordance with the National Training Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.      Defendant, Pedero Pipe Support Systems USA LP is a Delaware limited partnership and a Texas foreign limited partnership that has a place of business at 622 Superior Road, in Magnolia, Texas, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

6.      This is an action to collect contributions due to employee benefit plans under the terms of a collective bargaining agreement and for equitable relief.   This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

7.      This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

8.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

9.     Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement that governs the wages, benefits and terms and conditions of employment of apprentices and journeymen performing work covered by the Agreement.

10.    Pursuant to the Agreement, Defendant agreed to pay to the Plaintiffs certain sums of money for each hour worked by employees of the Defendant performing work covered by the Agreement.

11.    Between the period of January 2012 to the present, Defendant has employed employees performing work under the Agreement.

12.    During the period of January 2012 to the present, the Defendant failed to pay all contributions owing to the Plaintiffs.

13.    Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

14.    Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

15.    Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES
### TO EMPLOYEE BENEFIT FUNDS PURSUANT TO AUDIT FINDINGS)

16.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in this Count I.

17.     In September 2017 Calibre CPA Group PLLC performed a payroll audit of the records supplied by the Defendant for various job locations associated with Employer Identification Number 25013 for the period of January 2012 to December 2014 for work performed under the Agreement within the jurisdictions of International Union of Operating Engineers Local Union Nos. 18, 66, 132 and 450.

18.     The results of the audit revealed that during the months of January 2012 to December 2014 the Defendant failed to pay all contributions owing to the Plaintiffs under the Agreement in the total amount of $45,231.20 for the audited job locations.

19.     The Defendant failed to pay the amount of contributions owing to the Plaintiffs as revealed by the audit.

20.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreement, the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

21.     The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiffs as well as the cost of the audit.

22.     The Plaintiffs are entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

## COUNT II

### (UNPAID CONTRIBUTIONS AND DAMAGES
### TO EMPLOYEE BENEFIT FUNDS)

23.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in this Count II.

24.     During the period from January 2015 to the present various projects, the Defendant failed to report all hours and pay all contributions owing to the Plaintiffs under the Agreement on each project.

25.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreement, the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

26.     The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiffs.

27.     The Plaintiffs are entitled to judgment against the Defendant for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees and costs.

28.     The Plaintiffs seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, are determined due pursuant to an audit, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

### COUNT III

### (AUDIT)

29.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth in this Count III.

30.     The audit of the Defendant's records revealed that the Defendant has not reported hours and paid contributions to the Plaintiffs correctly.  The Defendant is known to have failed to report hours and pay contributions for employees working under Agreement after the period of the audit.

31.     An updated audit of the Defendant's records for the period of January 2015 through the present will permit the Plaintiffs to determine whether the Defendant is properly reporting to the Plaintiffs the number of hours worked by its employees under the Agreement.

32.     Under the terms of the Plaintiffs' Restated Agreements and Declarations of Trust, Plaintiffs are entitled to conduct an audit of Defendant's records, at the Defendant's expense.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant on Counts I, II and III of the Complaint as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed with the jurisdictions of International Union of Operating Engineers Local Union Nos. 18, 66, 231 and 450 on the audited accounts during the months of January 2012 to December 2014 in the amount of $45,231.20 for employer number 25013.

B.     For unpaid contributions due and owing to the Plaintiffs for work performed under the Agreement during the months of January 2015 up to the date of judgment.

C.     For a Court Order requiring Defendant to submit all necessary books and records to Plaintiffs for audit at the Defendant's cost for the period of January 2015 through the date an audit can be completed.

D.      For contributions, liquidated damages and interest for any late and unpaid contributions owed as provided for in the Plaintiffs' Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2) up to the date of judgment.

E.      For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Plaintiffs' Restated Agreements and Declarations of Trust up to the date of judgment.

F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

By:     _____
R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200

*Attorney for the Plaintiffs*

Dated:  August 7, 2018